IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THEODORE K. WILSON and
TINA MARIE WILSON,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  5:09-cv-00423

CAPITAL ONE BANK, (USA), N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's unopposed Motion to Set Aside Entry of Default and Request for Leave to File a Responsive Pleading to the Complaint [Docket 4].  For the reasons set forth below, this motion is **GRANTED**.

This action arises out of alleged violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code § 46A-1-101 *et seq*.  Plaintiffs contend that Defendant's alleged debt collection activities, namely making more than thirty-two telephone calls to Plaintiffs, were unreasonable, oppressive, or abusive conduct under West Virginia Code section 46A-2-125 and unfair or unconscionable means in violation of section 46A-2-128(b).  Plaintiffs also allege that Defendant violated section 46A-2-127(c), failure to clearly disclose the name of the business entity making a demand for money.

Count I of Plaintiff's complaint asserts a cause of action under the WVCCPA.  The thirty-two telephone calls also serve as the basis for Plaintiffs' common law claims of negligence,

intentional infliction of emotional distress, and invasion of privacy, which are raised respectively in Counts II, III, and IV of the complaint. Plaintiffs seek to avail themselves of the various remedies provided for in the WVCCPA, including actual damages, W. Va. Code § 46A-1-101(1), statutory damages in the maximum amount authorized by WVCCPA, W. Va. Code § 46A-5-106, attorneys' fees, expenses, and costs, W. Va. Code § 46A-5-104, and cancellation of their debt to Defendants, W. Va. Code § 46A-5-105. Plaintiffs also seek general and punitive damages on their common law claims.

On April 1, 2009, Plaintiffs received a default judgment in the Circuit Court of Raleigh County, West Virginia. Defendant then removed the matter to this Court on April 23, 2009, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Defendant filed the pending Motion to Set Aside Entry of Default on April 29, 2009.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default "for good cause." "The disposition of motions made under Rule[] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). In determining whether to set aside an entry of default, the Court must liberally construe Rule 55(c) "in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Accordingly, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id*.

Defendant alleges in its motion that service to the company was not perfect, as the complaint was signed for by a contractor mailroom employee who is employed by a third-party company. If service was improper, then the Circuit Court never obtained jurisdiction over Defendant and its entry

of a default judgment against Defendant is void. W. Va. R. Civ. P. 4(d); *McClay v. Mid-Atlantic Country Magazine*, 435 S.E.2d 180 (1993).

The Court need not delve too far into the circumstances of service on Defendant, however, because for present purposes it is sufficient that the propriety of service has been called into question. The Court must resolve all doubts, including the propriety of service on Defendant, in favor of setting aside the default. In addition, Defendant's motion was unopposed. Therefore, the Court **FINDS** that good cause exists to set aside the entry of default. Capital One Bank, (USA), N.A.'s Motion to Set Aside Entry of Default and Request for Leave to File a Responsive Pleading to the Complaint [Docket 4] is **GRANTED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 2, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE